(Court of Appeal, Parish of Orleans.)

MISS GEORGIANA M. ROSTRUP, INDIVIDUALLY, AND AS TESTAMENTARY EXECUTRIX OF THE ESTATE OF ANDREW ROSTRUP, vs. MRS. NANCY ROSTRUP, WIFE OF JOSEPH DINGMAN, ET. ALS.

Appeal from 28th Judicial District Court, Parish of Jefferson.

J. B. Rosser, Jr., for Plaintiff and Appellant.

H. N. Gautier, for Defendant and Appellee.

ON MOTION TO DISMISS.

1. Where the grounds of a motion to dismiss are apparently interwoven with the merits of the cause and require for proper decision an examination of the whole record, such motion will be denied *in limine* without prejudice to mover's rights after a hearing.

DUFOUR, J. The appellant, adjudicatee at partition sale, was made respondent in a rule to show cause why the property should not be sold *a la folle enchire* because of her failure to comply with the adjudication.

A motion to dismiss is made on two grounds:

1st. That the judgment is a consent one from which no appeal lies.

2nd. That it does not work irreparable injury.

The judgment recites that it was rendered "considering the consent of all parties in interest," but does not recite the presence of the appellant or her counsel at the trial, and no written, consent is apparent.

An assignment of errors presents questions as to the legality of the judgment on the face of the papers, and proper decision of the issues would require an examination of the whole record.

Under such circumstances, the proper practice is to deny the motion to dismiss *in limine* without prejudice to appellee's right

232

to urge same at the hearing of the cause on the merits.

Motion denied without prejudice.

January 23rd, 1905.

## ON THE MERITS.

A consent for judgment may be either written or verbal, and, if written, the instrument should form part of the record and the judgment should recite that the consent was so made; if verbal, it should be made "in open Court," and the omission so to state in the judgment strikes it with nullity.

ESTOPINAL, J. This is an appeal from a judgment rendered upon a rule taken on appellant, to show cause why certain real estate adjudicated to her at public auction should not be advertised and sold for her account.

The facts are substantially as follows:

Pursuant to an order of the District Court, the sheriff, on August 27, 1904, sold for cash at public sale certain real estate to effect a partition, appellant being the purchaser. She took possession under the adjudication, but has not complied with her bid, nor given any reason for not doing so.

A rule which was subsequently made absolute was taken on her to show cause why there should not be a re-sale of the property for her account.

Appellant relies for the reversal of the judgment on errors assigned by her apparent on the face of the record.

1st. That said judgment was rendered upon a rule taken on appellant, who resides in the City of New Orleans, by the Sheriff of the Parish of Jefferson, on the 10th day of November, 1904, to show cause on the 12th, served on her in New Orleans on the 11th, why the real estate adjudicated to her at public auction, should not be readvertised and sold for her account; that less than twenty-four hours elapsed between service of said rule and the rendition and signing of the judgment against her; that if said pro-

ceedings was intended as a prerequisite to a sale *a la folle enchere,* then, on the face of the papers, said time was insufficient in law, appellant having no time in which to consult counsel in order to prepare her defense.

2nd. The said judgment was rendered in the absence of appellant and her counsel, said judgment not declaring the presence "in open court" of either appellant or her counsel.

3rd. That no evidence was adduced on the trial of said rule, nor was appellant or her counsel present thereat to consent thereto, nor does the record contain any note of evidence or written of appellant, nor was any one authorized to consent for her, etc., etc.

4th. That said judgment was rendered and signed the same day, in violation of Article 546, Code of Practice, thereby depriving appellant of the privilege of moving for a new trial, her only remedy being an appeal suspensively.

5th. That the Sheriff had no legal authority to institute these proceedings, and could not stand in judgment therein.

Of the various grounds of nullity urged we need consider the second and third only, relating to consent judgments. We cannot sanction the proposition that the judgment appealed from, reading, "The rule in the above entitled and numbered cause made returnable this 12th day of November, 1904, being taken up, and considering that the law and the evidence to be in favor of plaintiff in rule and against the defendant, *and further considering the consent of all parties in interest,"* is sufficient. How and when was the consent given, is the very pertinent question which suggests itself to our mind.

The consent is either written or verbal, and if written it should be made to appear by a recital in the judgment, and if verbal, it should be made "in open court," and if made "in open court" the judgment should so recite.

There is no such recital here, and the omission is fatal.

Appellees have called our attention to the case of Thornhill vs. Bank, 34 La., page 1175, in support of their contention: That consent to a judgment need not be in writing, and the fact and sufficiency of the consent will be presumed."

Upon examining this case we find that the facts' and conditions were other than those in the. instant case, and the application of the doctrine therein laid down satisfies us of the absolute nullity of the judgment in the case at bar.

In the case cited the Court said: "The judgment shows upon its face the consent of Mrs. Covington, *given in open court*, that judgment should be rendered as prayed for." 29 An., p. 557.

The Court then cites approvingly the case of Woodward vs. Lurty, 11 An., p. 280, to the effect: "The consent, being given in 'open court,' was sufficient to sustain the judgment, whether given verbally or in writing; and when the judgment recites that consent was 'so given', the fact of the consent and of its sufficiency will be presumed, unless the contrary be made to appear."

Appellees urges and cites authorities in support: "That there being no note of evidence, nor any statement of facts in the record, the appellate court must presume that the lower court acted on proper and sufficient grounds." This would avail, we are free to say, if the judgment contained what we believe to be the sacramental recital in a case of verbal consent for judgment, to-wit: That it was made "in open court."

In the brief and oral argument submitted to us by appellant's counsel, absolute denial is made of appellant's presence upon the trial of the rule or of her consent either in writing or otherwise.

We find no written consent in the record, and it does not appear that verbal consent was given "in open court," and the judgment does not so recite.

For the reasons assigned, it is hereby ordered, adjudged and decreed, that the judgment appealed from be avoided, reversed and

annulled, appellees to pay costs in both courts, provided, however, that the decree of nullity herein rendered be without prejudice to the right of plaintiff in rule to issue another rule and otherwise proceed according to law.

May 30th, 1905.